<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID DEVOE, <br><br> Plaintiff, *on behalf of himself and all others similarly situated*, <br><br> v. <br><br> FRONTLINE ASSET STRATEGIES, LLC, <br><br> Defendant. | Case No. 2:23-cv-10069 (BRM) (JRA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**[1]

Before the Court is Defendant Frontline Asset Strategies, LLC's ("Defendant") Motion to Dismiss (ECF No. 4) Plaintiff David Devoe's ("Plaintiff") Complaint (ECF No. 1-1), pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Plaintiff filed an Opposition (ECF No. 9), and Defendant filed a Reply (ECF No. 12). Having reviewed the submissions filed in connection with Defendant's Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED IN PART and DENIED IN PART**.

**I.   BACKGROUND**

For the purpose of this motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v.*

---

[1] On November 29, 2023, this action was reassigned to the undersigned from The Honorable Kevin McNulty, U.S.D.J. (ECF No. 18.)

*Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court may also consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (*See generally* ECF No. 1-1.) Plaintiff is an individual who resides in New Jersey. (*Id.* ¶ 5.) Defendant is a debt collection company with its principal place of business in Roseville, Minnesota. (*Id.* ¶¶ 6–7.) On or about January 30, 2022, Plaintiff received an undated collection letter from Defendant (the "Letter"[2]) stating Plaintiff owed a debt of $10,458.33 to Citibank, N.A. related to a Home Depot Store credit card (the "Debt"). (*Id.* ¶¶ 16, 20, 23, 29, 41; *id.* at Ex. A.) The Letter was the first written communication Defendant sent to Plaintiff regarding the Debt. (*Id.* ¶ 24.) At some point before January 30, 2022, the Debt became past due, and Citibank subsequently sold, transferred, and/or assigned the Debt to LVNV Funding LLC who became the sole owner of the Debt. (*Id.* ¶¶ 20–21.) Citibank referred the obligation of collecting on the Debt to Defendant. (*Id.* ¶ 22.)

The Letter states "[a]s of 4/18/2021" Plaintiff purportedly owed $10,458.33 "*now*." (*Id.* ¶ 41 (emphasis added); *id.* at Ex. A.) The Letter also informed Plaintiff that "[b]etween 4/18/2021 and *today*[,]" he had been charged "$0.00" in interest and "$0.00" in fees, and he had paid or was credited "$0.00" toward the Debt. (*Id.*) The Letter also included instructions for what Plaintiff could do to dispute the Debt and Plaintiff's other rights and options regarding the Debt. (*Id.* at Ex.

---

[2] The Letter is attached to the Complaint as Exhibit A. (ECF No. 1-1 at Ex. A.) The Court can, and does, consider this letter as a "document *integral to or explicitly relied upon* in the complaint." *See In re Burlington*, 114 F.3d at 1426.

A.) Plaintiff read the Letter upon receipt, but because the Letter was not dated, Plaintiff did not know whether $10,458.33 was the current total amount of the Debt owed as of the date he received the Letter and likewise had no way of determining to what date "today" and "now" referred. (*Id.* ¶¶ 26, 41–44; *id.* at Ex. A.) Accordingly, Plaintiff claims he was misled as to the status of the Debt at the time he received the Letter. (*Id.* ¶ 43.)

On or about January 30, 2023, Plaintiff, on behalf of himself and all others similarly situated, filed a Class Action Complaint against Defendant[3] in the Superior Court of New Jersey, Passaic County, Law Division, captioned *David Devoe, on behalf of himself and all others similarly situated, v. Frontline Asset Strategies, LLC*, No. PAS-L-000290-23 (the "State Court Action"), asserting one cause of action—alleged violations of the FDCPA (Count I). (ECF No. 1-1.) Plaintiff alleges Defendant violated various sections of the FDCPA by not including a date on the Letter and thereby attempting to define the Debt based on an unspecified date, which Plaintiff contends was suspicious, misleading, and deceptive. (*Id.*) Plaintiff further alleges that, by not dating the Letter, "Defendant withheld a material term from Plaintiff which rendered the [L]etter confusing as how to understand the true amount of the Debt." (*Id.* ¶¶ 45, 47.)

On August 24, 2023, Defendant filed a Notice of Removal, removing the State Court Action to this Court on the basis of federal question jurisdiction. (ECF No. 1.) Defendant asserts the Notice of Removal was timely filed within thirty days of service.[4] (*Id.* at 2.) On September 14, 2023, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) On November 6, 2023, Plaintiff filed an Opposition (ECF No.

---

[3] Plaintiff also names "JOHN DOES 1-50 and ABC CORP. 1-50" as fictitious individual and corporate defendants in the Complaint. (ECF No. 1-1.)

[4] Plaintiff does not appear to contest that the Notice of Removal was timely filed.

9), and on November 13, 2023, Defendant filed a Reply (ECF No. 12). On November 29, 2023, this action was reassigned to the undersigned from The Honorable Kevin McNulty, U.S.D.J. (ECF No. 18.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing

*Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *See id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant[.]" *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that plaintiffs must show that the allegations of their complaints are plausible. *See id.* at 670.

While courts generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184

5

F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Plaintiff alleges Defendant violated Regulation F and various Sections of the FDCPA—namely, §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692g—by not including a date on the Letter and thereby attempting to define the Debt based on an unspecified date, which Plaintiff contends was suspicious, misleading, deceptive, and confusing. (*See generally* ECF No. 1-1.) Defendant argues Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), because: (1) the Complaint fails to show the Letter violated any provision of the FDCPA; (2) Defendant complied with the FDCPA and its corresponding regulations; (3) Defendant is entitled to safe harbor protection under the FDCPA because the Letter mirrored the CFPB's model letter form; and (4) another federal court recently dismissed the same claims against Defendant brought by a plaintiff in California based on a letter nearly identical to the one Defendant sent Plaintiff here. (ECF Nos. 4-5, 12.)

In opposition, Plaintiff argues Defendant's Motion should be denied because: (1) the safe harbor does not apply to violations of the FDCPA and even if it did, Defendant is not entitled to it; (2) Defendant's actions in sending an undated initial debt collection letter violate the FDCPA because it left Plaintiff with no way to determine the accurate current amount of the Debt by attempting to define that amount on an unspecified date; and (3) other district courts, including this Court, have found plaintiffs sufficiently stated a claim for an FDCPA violation in cases with

similar allegations involving debt collectors who sent undated debt collection letters. (ECF No. 9.)

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. 15 U.S.C. §§ 1692 *et seq.* The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Accordingly, the FDCPA "provides consumers with a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k).

"Because the FDCPA is a remedial statute, [courts] construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown*, 464 F.3d at 453). Therefore, to ascertain whether a debt collector's communication violates the FDCPA, "a court must analyze the language of the letters from the perspective of the least sophisticated consumer." *Alfaro v. Client Servs., Inc.*, Civ. A. No. 11-05463, 2012 WL 1150845, at *2 (D.N.J. Apr. 5, 2012); *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Brown*, 464 F.3d at 453 (citation omitted). However, the "least sophisticated debtor" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). "[T]he least sophisticated debtor standard is 'lower than the standard of a reasonable debtor'" and is an objective standard, "meaning that the specific plaintiff need not prove

7

that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418–19 (3d Cir. 2015) (citations omitted).

The FDCPA obligates debt collectors to send collection letters, or "validation notices," which "disclose information about the debt that helps consumers identify the debt and facilitates resolution of the debt." Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766, 5801 (Jan. 19, 2021) (codified at 12 C.F.R. pt. 1006) ("Regulation F"). To state a claim under the FDCPA, a plaintiff must show that (1) "he or she is a 'consumer' who is harmed by violations of the FDCPA"; (2) "the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes"; (3) "the defendant collecting the debt is a 'debt collector'"; and (4) "the defendant has violated, by act or omission, a provision of the FDCPA." *Purpura v. JP Morgan Chase*, Civ. A. No. 16-03765, 2018 WL 1837952, at *5 (D.N.J. Apr. 18, 2018), *aff'd sub nom.*, 765 F. App'x 864 (3d Cir. 2019) (quoting *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 583–84 (D.N.J. Oct 31, 2016)). Here, Defendant concedes, for purposes of its Motion, that it is a debt collector and Plaintiff is a consumer, *i.e.*, that the first and third prongs are met. (ECF No. 4-5 at 6.) Additionally, Defendant does not appear to dispute that the second prong is also met—that the Debt "arises out of a transaction entered into primarily for personal, family, or household purposes." (*See* ECF No. 4-5.) However, Defendant disputes the fourth prong, so the Court focuses on this element and whether Plaintiff has plausibly alleged Defendant violated a provision of the FDCPA.

The Court addresses each of Plaintiff's claims and Defendant's corresponding arguments as to why those claims should be dismissed in turn.

### A. Plaintiff's § 1692g and Regulation F Claims

The Consumer Financial Protection Bureau ("CFPB") proposed Regulation F "to require

debt collectors to provide certain validation information to consumers and to specify when and how the information must be provided." 86 Fed. Reg. 5766, 5786. For example, Regulation F requires debt collectors to provide consumers with information including "[t]he itemization date" (defined as one of five specific reference dates,[5] none of which are the date the validation notice is sent) and "[t]he current amount of the debt," among other things. 12 C.F.R. § 1006.34(c). Regulation F also includes a model validation notice—the Model Form B-1—which does not include the date of the notice. 12 C.F.R. § 1006.34, App. B (the "CFPB Model Form"); *see also Bellini v. Patenaude & Felix APC*, Civ. A. No. 22-02188, 2023 WL 6248577, at *6 (D. Ariz. Sept. 26, 2023) ("It is true that nothing in the FDCPA or its regulations expressly instruct debt collectors to date validation notices. It is also true that the [CFPB] Model [Form] does not itself contain a date of correspondence."). Additionally, Regulation F provides a safe harbor for debt collectors who use the CFPB Model Form, stating: "A debt collector who uses Model Form B–1 complies with the information and form requirements of paragraphs (c) and (d)(1) of this section." 12 C.F.R. § 1006.34(d)(2)(i).

Section 1692g of the FDCPA sets forth the requirements for the validation notices mandated in Regulation F. *See* 15 U.S.C. § 1692g(a). "The 'debt validation provisions of [§] 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.'" *Shoulars v. Halsted Fin. Servs., LLC*, Civ. A. No. 21-16560, 2022 WL

---

[5] *See* 12 C.F.R. § 1006.34(b)(3) (defining "Itemization date" as "any one of the following five reference dates for which a debt collector can ascertain the amount of the debt: *(i) The last statement date*, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor; *(ii) The charge-off date*, which is the date the debt was charged off; *(iii) The last payment date*, which is the date the last payment was applied to the debt; *(iv) The transaction date*, which is the date of the transaction that gave rise to the debt; or *(v) The judgment date*, which is the date of a final court judgment that determines the amount of the debt owed by the consumer." (emphasis added)).

4217763, at *3 (D.N.J. Sept. 12, 2022) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). Specifically, § 1692g(a) "requir[es] a debt collector to provide certain information to a debtor—such as the name of the current creditor and the amount of the debt—in a 'written notice' within five days of 'the initial communication with a consumer in connection with the collection of any debt.'" *Deutsch v. D&A Servs. LLC*, Civ. A. No. 22-01042, 2023 WL 2987568, at *1 (3d Cir. Apr. 18, 2023) (quoting 15 U.S.C. § 1692g(a)). Section 1692g(a) also "requires that the written notice inform the debtor that, if she 'notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt' and mail it to the debtor." *Id.* (quoting 15 U.S.C. § 1692g(a)(4)). Section 1692g(b) follows and states "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

Here, Plaintiff alleges Defendant violated § 1692g and Regulation F by not including a date on the Letter it sent to Plaintiff and thereby attempting to define the Debt based on an unspecified date. (*See generally* ECF No. 1-1.) However, Defendant argues that because its undated Letter mirrors the CFPB Model Form, it is entitled to the safe harbor protection under the statute. (ECF No. 4-5 at 1, 11, 16–18; ECF No. 12 at 1.) Defendant also contends Regulation F's safe harbor applies to FDCPA violations, but that even if the Court finds otherwise, Plaintiff's § 1692g claim fails as a matter of law. (ECF No. 4-5 at 5–12.)

Plaintiff responds that using the CFPB Model Form "only provides for safe harbor for compliance with respect to Regulation F"; it "does not necessarily mean that a debt collector has complied with the separate statutory sections of the FDCPA and therefore does not provide for a safe harbor with respect to violation of the FDCPA statute itself." (ECF No. 9 at 2.) Plaintiff also

contends that Regulation F and the CFPB Model Form only apply to § 1692g, but not the other FDCPA sections, and, therefore, even if the Court found that complying with the CFPB Model Form provided a safe harbor as to § 1692g, it does not provide safe harbor protection for violations of the other FDCPA sections. (*Id.*)

The Court agrees with Plaintiff regarding the application of Regulation F's safe harbor provision and follows several other district courts in finding that compliance with Regulation F and the CFPB's Model Form in and of itself does not provide a "safe harbor" from all alleged violations of the FDCPA. Regulation F provides "[a] debt collector who uses Model Form B–1 complies with the information and form requirements of paragraphs (c) and (d)(1) of *this section*." 12 C.F.R. § 1006.34(d)(2)(i) (emphasis added). But, "[i]n that connection, it never states that compliance with Model Form B-1 satisfies the *FDCPA*." *Ginsberg v. I.C. Sys., Inc.*, Civ. A. No. 22-01147, 2023 WL 5434416, at *4 (D.N.J. Aug. 23, 2023) (emphasis added). According to the plain language of the statute, the safe harbor provision applies only to alleged violations of the regulation, but not necessarily alleged violations of the FDCPA. *See* 86 Fed. Reg. 5766, 5835 ("[Regulation F's] safe harbor protects only the use of the model validation notice to comply with the information and form requirements of § 1006.34(c) and (d)(1)."); *see also Ginsberg*, 2023 WL 5434416, at *4 (finding "that compliance with Regulation F, alone, does not provide a 'safe harbor' from violation of the FDCPA"); *Loeffler v. Wong Fleming, P.C.*, Civ. A. No. 23-01098, 2023 WL 8039263, at *3 (S.D.N.Y. Nov. 20, 2023) (similarly finding Regulation F's "safe harbor provision applies only to alleged violations of Regulation F, not alleged violations of the FDCPA"); *Bellini*, 2023 WL 6248577, at *5 ("[T]he mere fact that [d]efendants used the [CFPB] Model [Form] as a debt validation notice does not automatically prevent the Court from finding FDCPA violations. The Court must go on to inquire whether they used the Model Notice in a manner that effectively

11

conveyed requisite information to consumers. . . . The Court rejects [d]efendants' proposition that they complied with the FDCPA, as a matter of law, by using the Model Notice."); *Roger v. GC Servs. Ltd. P'ship*, 655 F. Supp. 3d 1201, 1208 (S.D. Fla. 2023) ("[N]owhere within 12 C.F.R. [§] 1006.34 does the CFPB state that compliance with the *regulation*'s requirements—by use of the Model Form or otherwise—suffices as compliance with the corresponding *statutory* requirements of 15 U.S.C. [§] 1692g[.] . . . In other words, while use of the Model Form might be sufficient to provide the information required by 12 C.F.R. [§] 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. [§] 1692g.").

The Court now turns to addressing Plaintiff's § 1692g and Regulation F claims on the merits.

### i. Plaintiff's § 1692g(a) Claim

The Court finds Plaintiff has alleged sufficient facts to sustain a claim under § 1692g(a). Among other things, § 1692g(a) requires debt collectors to include "the amount of the debt" in the validation notice. 15 U.S.C. § 1692g(a). Here, Plaintiff has plausibly alleged a violation of § 1692g(a) because Plaintiff claims the undated Letter created confusion regarding the current amount of the Debt owed when Plaintiff received the letter, as the terms "today" and "now" were ambiguous and untethered to a specified date. Construing Plaintiff's allegations as true and under the least sophisticated debtor standard, the recipient of the Letter would be unable to determine whether the amount of the Debt owed was still accurate as of the date they received the Letter and/or whether, and by how much, the Debt could or would increase, whether through interest or fees or otherwise, absent prompt payment. *See Ginsberg*, 2023 WL 5434416, at *4 (finding "that because omission of the date [on the debt collection letter] created confusion on the amount of the debt owed, [p]laintiff [] alleged sufficient facts to sustain a claim under § 1692g(a)"); *Roger*, 655

F. Supp. 3d at 1210–11 (finding plaintiff plausibly alleged a § 1692g(a) violation where plaintiff alleged nearly identical allegations as Plaintiff has here, stating that "[e]ven if the amount of the debt had not *yet* been altered, the [l]etter provide[d] no means by which [p]laintiff might assess whether, and by how much, the debt might increase in the future if he did not promptly pay [d]efendant"). The Court finds the reasoning in these cases more persuasive than other out-of-circuit, non-binding courts that have found otherwise and dismissed similar claims under § 1692g(a). *Contra Loeffler*, 2023 WL 8039263, at *6; *Bergida v. PlusFour, Inc.*, Civ. A. No. 22-02150, 2023 WL 7157829, at *3–4 (D. Nev. Oct. 31, 2023); Order at 7–9, *Henry v. Frontline Asset Strategies, LLC*, Civ. A. No. 22-02202 (C.D. Cal.), ECF No. 35 (Aug. 9, 2023) ("*Henry* Order")).

Therefore, Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's § 1692g(a) claim.

### ii. Plaintiff's § 1692g(b) Claim

The Court finds Plaintiff has not, however, sufficiently alleged a claim under § 1692g(b) because Plaintiff has failed to plead facts showing how the Letter overshadowed or was inconsistent with the disclosure of Plaintiff's right to dispute the Debt or request the original creditor's name and address. *See Ginsberg*, 2023 WL 5434416, at *5 (dismissing plaintiff's § 1692g(b) claim where plaintiff's allegations "merely repeat[ed] this statutory language without providing a sufficient factual basis to show that he [wa]s entitled to relief under § 1692g(b)"); *Loeffler*, 2023 WL 8039263, at *6 (dismissing plaintiff's conclusory § 1692g(b) claim, finding that plaintiff "fail[ed] to plead any details regarding any communication received prior to (or after) the [l]etter, or how the other communication(s) were inconsistent with the [l]etter's disclosure of plaintiff's right to dispute the debt"); *Bellini*, 2023 WL 6248577, at *7 (dismissing plaintiff's § 1692g(b) claim where "[p]laintiff did not set forth any additional facts describing [d]efendants' collection activities apart from sending the [debt collection] [l]etter as an initial communication").

13

Indeed, Defendant's Letter conveyed the information § 1692g(b) requires and informed Plaintiff in bolded text that he could "**[c]all or write to [Defendant] by 03/07/2022 to dispute all or part of the debt**" and could "**[w]rite to ask for the name and address of the original creditor.**" (ECF No. 1-1 at Ex. A.)

Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's § 1692g(b) claim.

### iii. Plaintiff's Regulation F Claim

Plaintiff also alleges Defendant violated Regulation F by failing to include a date on the Letter. (ECF No. 1-1 ¶¶ 54–55.) But this conclusory allegation is insufficient to survive a motion to dismiss. Plaintiff fails to allege how Defendant violated Regulation F; for example, Plaintiff does not allege Defendant did not include in the Letter the information required under Regulation F. Additionally, Plaintiff does not dispute that the Letter Defendant sent to him exactly mirrored the CFPB Model Form, triggering Regulation F's safe harbor provision. Indeed, Plaintiff concedes using the CFPB Model Form "provides for safe harbor for compliance with respect to Regulation F." (ECF No. 9 at 2.)

Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Regulation F claim.

### B. Plaintiff's § 1692d Claim

Plaintiff further alleges Defendant violated § 1692d, which provides "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d; *see also* ECF No. 1-1. Section 1692d lists examples of certain conduct it prohibits including: using or threatening to use violence; using obscene or profane language; publishing "a list of consumers who allegedly refuse

to pay debt"; advertising "for sale of any debt to coerce payment of the debt"; and repeatedly calling consumers "with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(1)–(5). Here, Plaintiff has not alleged any facts, let alone plausible ones, demonstrating harassment, oppression, or abuse by Defendant in connection with the Debt, along the lines of the prohibited conduct listed in § 1692d. Accordingly, Plaintiff has failed to allege any facts that, if accepted as true, would constitute a violation of § 1692d. *See Bellini*, 2023 WL 6248577, at *7–8 (dismissing plaintiff's § 1692d claim, "find[ing] that sending a single letter without a date does not rise to the level of threats and intimidations exemplified in [§] 1692d" and noting plaintiff did not otherwise allege abuse or harassment under the FDCPA); *see also Henry* Order at 10–11 (dismissing, in a factually similar case, plaintiff's § 1692d claim); *Ginsberg*, 2023 WL 5434416, at *5–6 (same); *Loeffler*, 2023 WL 8039263, at *3 (same); *Roger*, 655 F. Supp. 3d at 1212–13 (same); *Bergida*, 2023 WL 7157829, at *5 (same).

Therefore, Defendant's Motion is **GRANTED** as to Plaintiff's § 1692d claim.

### C. Plaintiff's § 1692e Claims

Plaintiff alleges Defendant also violated § 1692e, which provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among other things, § 1692e prohibits: "[t]he false representation of[] the character, amount, or legal status of any debt" (*id.* § 1692e(2)(A)); "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" (*id.* § 1692e(5)); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (*id.* § 1692e(10)).

Here, Plaintiff conclusorily alleges Defendant violated §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10). (ECF No. 1-1 ¶ 55.) But Plaintiff does not plausibly allege how sending a single

15

undated letter with ambiguous references to "today" and "now" constitutes a "false, deceptive, or misleading representation" in violation of the FDCPA, nor does Plaintiff otherwise allege how Defendant purportedly used a "false, deceptive, or misleading representation" in connection with attempting to collect on the Debt. *See, e.g.*, *Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (finding complaint "fail[ed] to state an FDCPA claim because it [did] not adequately plead that the defendants made any materially false statement that would have been confusing to the least sophisticated debtor" and instead "set out the kind of conclusory and speculative statements that cannot survive a motion to dismiss").

For example, Plaintiff does not allege that Defendant threatened to take any illegal action or action it did not intend to take, nor does Plaintiff plausibly allege the Debt amount owed as listed in the Letter is, or was at the time of receipt, inaccurate, incorrect, or materially false. Plaintiff does not appear to dispute that he owes the Debt as he does not allege that he contested the Debt or its amount as stated in the Letter. Plaintiff likewise does not allege Defendant sent him a subsequent communication stating a different amount of the Debt. Even assuming *arguendo* that Defendant's omission of a date on the Letter was a misrepresentation, Plaintiff does not allege how this is material, such that it constitutes a violation of the FDCPA. Accordingly, Plaintiff has failed to plausibly allege a violation of § 1692e. *See, e.g.*, *Loeffler*, 2023 WL 8039263, at *4 (dismissing plaintiff's § 1692e claims where plaintiff "offer[ed] only conclusory statements asserting the amount of debt is falsely represented" and "fail[ed] to allege that any affirmative representation in the [l]etter [wa]s materially false"; and noting "'[o]nly a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here, would interpret' defendant's failure to date the [l]etter as a deceptive attempt to collect the stated amount of a debt" (citation omitted)); *see also Bergida*, 2023 WL 7157829, at *5 (dismissing plaintiff's § 1692e claims where plaintiff's

16

conclusory allegations merely recited the elements of the statute and did not allege "the amount of debt or legal status of the debt[] is false or incorrect"; and noting plaintiff's "alleged subjective confusion about the letter's legitimacy [did] not necessarily mean the letter violate[d] the FDCPA" because "[o]bjectively, there is nothing about the letter that would mislead a least sophisticated debtor about its legitimacy, even though it lacks a date"); *Henry* Order at 11–13 (dismissing plaintiff's § 1692e claims against Defendant in a case nearly factually identical to Plaintiff's case, reasoning that the plaintiff (like Plaintiff here) did "not allege[] any plausible facts that any of the information on the [l]etter was false or misleading including the amount owed").[6]

Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's § 1692e claims.

### D. Plaintiff's § 1692f Claim

Plaintiff also alleges Defendant violated § 1692f, which provides "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "The statute provides a non-exhaustive list of conduct that is 'unfair or unconscionable'" but "also gives rise to liability for other unfair or unconscionable conduct" not specifically listed in § 1692f. *Rawlins v. Lyons, Doughty & Veldhuis, PC*, Civ. A. No. 16-08598, 2017 WL 2918917, at *4 (D.N.J. July 6, 2017) (first citing 15 U.S.C. § 1692f(1)–(8), and then citing *Turner v. Pro. Recovery Servs.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013)). "Section 1692f is therefore a catchall

---

[6] The Court acknowledges the *Ginsberg* and *Roger* courts denied defendant's motion to dismiss plaintiff's § 1692e claims in those cases, and that the *Bellini* court similarly denied defendant's motion to dismiss plaintiff's § 1692e(10) claim, though it granted defendant's motion to dismiss plaintiff's § 1692e(2)(A) claim. However, *Roger* and *Bellini* are both out-of-district, non-binding cases, which the Court finds unpersuasive as to these claims, and the *Ginsberg* court's analysis primarily focused on whether compliance with Regulation F provided a safe harbor for claims under § 1692e rather than addressing the merits of the § 1692e claim, which is distinguishable from the Court's analysis here. *See Ginsberg*, 2023 WL 5434416, at *2–4; *Roger*, 655 F. Supp. 3d at 1211–12; *Bellini*, 2023 WL 6248577, at *8–10.

provision, which prohibits conduct that is not already addressed by other sections of the FDCPA." *Id.*; *see also Ginsberg*, 2023 WL 5434416, at *5 ("Section 1692f 'allows a court to sanction improper conduct that the FDCPA fails to address specifically.'" (quoting *Feuerstack v. Weiner*, Civ. A. No. 12-04253, 2014 WL 3619675, at *7 (D.N.J. July 22, 2014))). Accordingly, courts have "routinely dismissed § 1692f claims when a plaintiff 'does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA.'" *Corson v. Accts. Receivable Mgmt., Inc.*, Civ. A. No. 13-01903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013) (alterations in original) (quoting *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012)); *Ginsberg*, 2023 WL 5434416, at *5 (same).

Here, Plaintiff does not allege any unfair or unconscionable conduct listed in § 1692f nor does Plaintiff allege any other unfair or unconscionable conduct not already addressed by his other FDCPA claims. Hence, Plaintiff has failed to plausibly allege a violation of § 1692f. *See Ginsberg*, 2023 WL 5434416, at *6 (dismissing plaintiff's § 1692f claim "[b]ecause [p]laintiff [did] not allege any unfair or unconscionable conduct that is not already addressed by the § 1692e claims or allege any facts pertaining to repeated debt collection efforts"); *Loeffler*, 2023 WL 8039263, at *5 (dismissing plaintiff's § 1692f claim, which "[was] based on the same alleged misconduct on which the [§] 1692e claim is based—that is, the omission of the date" on the debt collection letter); *Bergida*, 2023 WL 7157829, at *6 (dismissing plaintiff's § 1692f claim, reasoning that "[b]ased on the objective standard, it is unreasonable for a least sophisticated debtor to believe that the letter [was] illegitimate based solely on the omission of a date" and that plaintiff "does not point to any binding interpretations of 'unfair' that would suggest otherwise"; and further noting that "[t]he FTC commentary supports the conclusion that a mere lack of date is not unfair").

Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's § 1692f claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED IN PART and DENIED IN PART**. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's §§ 1692d, 1692e, 1692f, 1692g(b), and Regulation F claims but **DENIED** as to Plaintiff's § 1692g(a) claim. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: May 7, 2024